**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 06-CV-13511-DT

DONALD J. BEASLEY,

Defendant.

_______________________________________/

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR HEARING**

Pending before the court are two "Requests for Hearing" filed by Defendant judgment debtor Donald J. Beasley's on January 3, 2007.

The statute governing federal garnishment actions provides:

> Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

28 U.S.C. § 3205(c)(5)

In his first request, Defendant only asks for a hearing, but states no relevant objection,[1] "about the answer" filed by Garnishee Countersec International Protection

---

[1] Defendant Beasley's "Request for Hearing" was filed *pro se* on a pre-printed form. The form does not contain any indication of its source. The court is aware, however, that the United States is required to provide "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections," 28 U.S.C.A. § 3205(3)(b), and supposes that the source of this form is indeed the United States. The court further observes that nowhere on the form does there appear an opportunity for the judgment debtor to actually *"object"* as the statute specifies. The area that contains the Social Security benefits exemption choice Beasley

Services ("Countersec"). Beasley irrelevantly states that he has "no other source of income other than Social Security Disability," and states further that he has "not worked for Countersec since Jan[.], 2004." (Def. Beasley's Countersec Req. at 1.) Neither of these observations relate to the possibility of the Government properly garnishing assets of Beasley's *if* any are found to be under the control of Countersec either at present or in the future.

---

endorsed begins with the statement, "I believe that my property can not be garnished because it is one or more of the following. . . ." In this court's view, a "belief" is not an "objection." It is, of course, true that Social Security benefits cannot be garnished, so a judgment debtor stating his "belief" to that effect may well lead a debtor to think that he has done everything the law requires. In this case, however, which has nothing whatever to do with Social Security benefits, the debtor has in fact failed to comply with the statute's requirement of stating an objection.

Accordingly –assuming that the source of the form is Plaintiff United States– the court is doubtful that the form sufficiently directs a debtor to comply with the statute's requirement that he both file a relevant written "*objection*" and "*state the grounds.*" In addition, the legal citations in the form's categorization and extensive listing of possible (i.e., "major") exemptions under both federal and Michigan law, combined with statements such as "if you have selected the Bankruptcy Code exemptions . . . you may <u>not</u> also claim the state law exemptions listed below," strikes this court as both being potentially underinclusive (e.g., what are the non-"major" exemptions that apply?) and constituting gratuitous legal advice by the adverse party's attorney. When a plaintiff provides legal advice to a *pro se* defendant, unfortunate unintended consequences may result if the advice proves erroneous; even if accurate –and complete– providing advice appears to this court as doing more than merely providing "instructions" to the debtor for "objecting to the answer of the garnishee and for obtaining a hearing" under § 3205(3)(b).

The court is aware that Plaintiff's counsel in these cases is placed in the perhaps difficult position of striking a balance between giving a debtor the required § 3205(3)(b) notice while also avoiding the pitfalls of Rule 4.3 of the Michigan Rules of Professional Conduct, governing a lawyer's contacts with a person not represented by an attorney. If the United States is propounding these forms to judgment debtors, counsel might think about taking extra care *within the form itself* to disclose counsel's identity, to minimize statements that look like legal advice, to suggest that the debtor can –and perhaps should– consult with an attorney of his own, etc., all to insure that the unrepresented debtor not "misunderstand[ ] the [adverse] lawyer's role in the matter. . . . " *See, e.g.*, *Upjohn Co. v. Aetna Cas. and Sur. Co.* 768 F.Supp. 1186, 1213 (W.D. Mich.,1990).

Garnishee Countersec filed its answer on December 27, 2006, where Countersec informed the court that Defendant "has not drawn a pay check from [Countersec] since January of 2004" because of an extended medical leave of absence, though Countersec is "planning to re-enstate [sic] him as soon as he is able to provide a doctor's release form." (Countersec's Ans.) Because Countersec's answer constituted a mere garnishee disclosure, and not an admission of liability, and because Beasley's statement contains no relevant objection, no hearing is necessary.

In Defendant Beasley's second Request, he seeks a hearing "about the answer" that was filed by Garnishee Michigan Department of Treasury. Similar to the first Request, Beasley states that he "own[s] no property and [his] only source of income is [his] Social Security Disability." (Def. Beasley's Mich. Req. at 1.) Garnishee Michigan Department of Treasury has not yet answered or admitted liability. Therefore, Defendant's Request for Hearing as to the Michigan Department of Treasury is both without a supporting objection and premature. Accordingly,

IT IS ORDERED that Defendant Donald J. Beasley's "Request for Hearing About the Answer Filed by the Garnishee" [Dkt. #15] and "Request for Hearing About the Answer Filed by the Garnishee" [Dkt. #16] are DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 2, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522